STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION; NANTA-
HALA POWER AND LIGHT COMPANY; ALUMINUM COMPANY OF
AMERICA; AND TAPOCO, INC. v. LACY THORNBURG, ATTORNEY
GENERAL; PUBLIC STAFF; HENRY J. TRUETT;. CHEROKEE, GRAHAM,
JACKSON AND SWAIN COUNTIES; THE TOWNS OF ANDREWS, BRYSON
CITY, DILLSBORO, ROBBINSVILLE, AND SYLVA; THE TRIBAL COUNCIL
OF THE EASTERN BAND OF CHEROKEE INDIANS; MURIEL MANEY;
AND DEROL CRISP

STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION; NANTA-
HALA POWER AND LIGHT COMPANY; ALUMINUM COMPANY OF
AMERICA; AND TAPOCO, INC. v. LACY THORNBURG, ATTORNEY
GENERAL; PUBLIC STAFF; HENRY J. TRUETT; CHEROKEE, GRAHAM,
JACKSON AND SWAIN COUNTIES; THE TOWNS OF ANDREWS, BRYSON
CITY, DILLSBORO, ROBBINSVILLE, AND SYLVA; THE TRIBAL COUNCIL
OF THE EASTERN BAND OF CHEROKEE INDIANS; AND DEROL CRISP

STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION; NANTA-
HALA POWER AND LIGHT COMPANY; ALUMINUM COMPANY OF
AMERICA; TAPOCO, INC.; AND JACKSON PAPER MANUFACTURING
COMPANY v. LACY THORNBURG, ATTORNEY GENERAL; PUBLIC
STAFF; CHEROKEE, GRAHAM, JACKSON AND SWAIN COUNTIES; THE
TOWNS OF ANDREWS, BRYSON CITY, DILLSBORO, ROBBINSVILLE,
AND SYLVA; THE TRIBAL COUNCIL OF THE EASTERN BAND OF
CHEROKEE INDIANS; HENRY J. TRUETT; HOWARD PATTON; VERONI-
CA NICHOLAS; O. W. HOOPER, JR.; ALVIN E. SMITH; AND LARRY LYNN
BAILEY

Nos. 505A88
506A88
507A88

(Filed 8 June 1989)

**1. Electricity § 3; Utilities Commission § 46— electric rate cases—remand after
U. S. Supreme Court decision—new evidentiary hearing unnecessary**

Where three general rate cases were remanded to the Utilities Commis-
sion following a decision of the U. S. Supreme Court that the roll-in method
adopted by the Commission for determining Nantahala's rates was preempted
by action of the FERC, the Commission was not required to hold new eviden-
tiary hearings to determine whether a roll-in method which does not interfere
with FERC approved entitlements is appropriate in these cases but could use
evidence received at previous evidentiary hearings and set rates based on a
theory advanced at those hearings.

State ex rel. Utilities Comm. v. Thornburg

2. **Electricity § 3; Utilities Commission § 46— electric rate cases—remand after U. S. Supreme Court decision—failure to hold new hearing—no violation of statute or due process**

Refusal of the Utilities Commission to hold an evidentiary hearing in three general rate cases after the three dockets had been remanded following a decision by the U. S. Supreme Court did not violate N.C.G.S. § 62-81(a) or deny appellants due process where several evidentiary hearings were previously held in these dockets, all parties were allowed to offer evidence and present contentions concerning the proper methods for setting rates, and the Commission set rates based on this evidence.

3. **Electricity § 3; Utilities Commission § 36— Nantahala and Tapoco not unified system—binding effect of FERC order—misapprehension of law**

A finding by the Utilities Commission that it was bound by an FERC order to hold that Nantahala and Tapoco do not constitute a unified system constituted a misapprehension of the law but was not prejudicial error.

4. **Electricity § 3; Utilities Commission § 46— rate orders reversed by state courts—method found unlawful by U. S. Supreme Court—reinstatement of rates originally allowed**

Where the Utilities Commission's original orders in three general rate cases were reversed by the North Carolina appellate courts because of the Commission's failure to give adequate consideration to a method which has now been found to be unlawful by the U. S. Supreme Court, it was not error for the Commission to reinstate the rates it originally allowed without further evidentiary hearings.

5. **Electricity § 3; Utilities Commission § 36— electric rates—rate of return exceeding request—return not excessive because of refund**

The Utilities Commission did not improperly allow Nantahala a rate of return exceeding the amount it requested in its filing, although Nantahala requested a rate of return of 11.53% and the Commission allowed 12.54%, where the Commission ordered a refund based on compensation Nantahala received from Tapoco pursuant to an FERC order, and based on this refund the amount paid by ratepayers was thus not more than the rate requested.

6. **Electricity § 3; Utilities Commission § 36— payments by Tapoco to Nantahala —reduction in Nantahala's revenue requirement**

The Utilities Commission did not err in showing the amount paid by Tapoco to Nantahala pursuant to an FERC order as a reduction in the amount of an increase in revenue required by Nantahala to produce a 12.54% rate of return rather than treating this item as a reduction of the purchased power expense.

7. **Electricity § 3— electric rates—Nantahala's revenue requirement on stand alone basis**

The evidence was sufficient for the Utilities Commission to determine Nantahala's revenue requirement on a stand alone basis where the witnesses testified to Nantahala's test year cost of service both on a stand alone and a roll-in basis.

APPEAL by intervenors from orders of the North Carolina Utilities Commission entered 13 November 1987 and 17 February 1988. Heard in the Supreme Court 13 March 1989.

This appeal involves the setting of rates in three general rate cases. This case has been the subject of numerous opinions in the appellate courts of this state and in the United States Supreme Court. The case was commenced on 3 November 1976 with the filing for a rate increase by Nantahala Power and Light Company, Docket No. E-13, Sub. 29. Nantahala and Tapoco, Inc. were at the time this proceeding started wholly owned subsidiaries of Aluminum Company of America (Alcoa). Each of them is engaged in the generation of hydroelectric power in western North Carolina. Tapoco sells power to no one but Alcoa for use in its aluminum operations in Tennessee. Nantahala sells power to the public in six counties in western North Carolina.

At the time the case originated Nantahala, Tapoco, Alcoa and the Tennessee Valley Authority (TVA) had entered into an agreement called the New Fontana Agreement (NFA) under which TVA regulated the generation of power by Nantahala and Tapoco. TVA received all the power generated by the two companies and returned a certain amount per year to them. There was an apportionment agreement between Nantahala and Tapoco which determined how the power which they received from TVA was to be divided between them. The NFA and the apportionment agreement were filed with and approved by the Federal Energy Regulatory Commission (FERC).

At the first hearing before the Utilities Commission the intervenors moved that Tapoco and Alcoa be made parties to the proceedings and that Nantahala and Tapoco be treated as one company for rate making purposes. The Utilities Commission refused to make Tapoco and Alcoa parties and refused to consider the two companies as one utility for rate making purposes. The Court of Appeals at 40 N.C. App. 109, 252 S.E. 2d 516 (1979) reversed the Utilities Commission and remanded the case for consideration of treating the two power companies as one utility for rate making purposes.

This Court at 299 N.C. 432, 263 S.E. 2d 583 (1980) affirmed the part of the opinion of the Court of Appeals which remanded the case for consideration of making Alcoa and Tapoco parties

and of treating the two power companies as one company for rate making purposes. We held that because of the manner in which Nantahala and Tapoco had structured the distribution of power generated by the two companies a consideration of treating the two companies as one seemed particularly appropriate. We said that there was evidence that the companies through the NFA and apportionment agreement had structured the distribution of power to suit Alcoa's industrial needs rather than the needs of Nantahala's customers. We said that a roll-in method of determining the rates of Nantahala's customers under which the two power companies would be treated as one utility for rate making purposes might be appropriate to eliminate any inequities to Nantahala arising from the agreements.

The case was remanded to the Utilities Commission which made Alcoa and Tapoco parties. Each of the corporations was held to be a public utility and after making findings of fact the Commission held that a roll-in method was appropriate to fix retail rates for Nantahala. Under the roll-in method used by the Commission Nantahala and Tapoco were treated as a single integrated company. That is (a) the assets, properties, plants and working capital requirements of the two companies were joined in one rate base; (b) the joint revenues and expenses of the single system were totalled; and (c) the combined system was assigned the rate of return previously approved by the Commission for Nantahala alone. From these three elements, the combined system revenue requirement (expenses + rate base × rate of return) was derived. The combined system cost of service was then allocated between the public load customers in North Carolina and Alcoa, using generally accepted jurisdictional allocation factors in setting rates for other companies which operate in more than one state.

The Court of Appeals at 65 N.C. App. 198, 309 S.E. 2d 473 (1983) rejected the companies' argument that the Commission was in error for not using the NFA and the apportionment agreement in setting rates for Nantahala. The companies contended that these agreements had been approved by the FERC and the Utilities Commission was preempted from questioning them. The Court of Appeals held that the Utilities Commission had not disturbed the entitlements which Nantahala received under the NFA and the apportionment agreement but had calculated in a

proper way the cost to Nantahala of the entitlement power it received.

This Court affirmed the Court of Appeals at 313 N.C. 614, 332 S.E. 2d 397 (1985). We held the Utilities Commission had found that the NFA and the apportionment agreement were structured not for the benefit of the customers of Nantahala but for the benefit of Alcoa. We said that based upon this finding the Commission did not have to use the entitlements received under the agreements in setting rates.

In 1980 Nantahala filed another application for an increase in rates, Docket No. E-13, Sub. 35. In this case the Utilities Commission used a roll-in method in fixing the rates as it had done in the previous case. This method was affirmed by the Court of Appeals at 66 N.C. App. 546, 311 S.E. 2d 619 (1984) and by this Court at 314 N.C. 246, 333 S.E. 2d 217 (1985).

In 1983 Nantahala filed another application for a rate increase in Docket No. E-13, Sub. 44. At this time the NFA and apportionment agreement had been replaced by separate agreements between Tapoco and TVA and Nantahala and TVA. The Utilities Commission found that there were no concealed benefits to Tapoco or Alcoa in the two new agreements and refused to use a roll-in method to set the rates for Nantahala. This Court reversed and remanded at 314 N.C. 122, 333 S.E. 2d 453 (1985). We held that the record did not show there had been such a change in circumstance simply because the NFA and the apportionment agreement had been replaced by the two new agreements that the Utilities Commission could give only minimal consideration to a roll-in.

Our opinion in Sub. 29 was appealed to the United States Supreme Court. That Court at 476 U.S. 953, 90 L.Ed. 2d 943 (1986) reversed. It held that under the filed rate doctrine FERC has the exclusive jurisdiction to set interstate wholesale power rates. It has done so with the NFA and apportionment agreements and we are preempted from questioning the entitlements received by Nantahala under those agreements. The other two judgments of this Court were vacated and remanded to us for further consideration in light of the United States Supreme Court's opinion in Sub. 29. We remanded the three cases at 318 N.C. 277, 278-79, 347 S.E. 2d 459, 460 (1986) for further proceedings consistent with

the opinions filed by this Court but not inconsistent with the opinion of the United States Supreme Court.

While these cases were in litigation in the courts of this state and the United States Supreme Court FERC determined that Nantahala had not received a fair share of power under the apportionment agreement. It held Nantahala should have received 44 million more kwh allocation of power annually than it received. Tapoco was required to pay Nantahala for this amount of power. This decision by FERC was affirmed by the United States Court of Appeals for the Fourth Circuit. *Nantahala Power and Light Co. v. FERC*, 727 F. 2d 1342 (4th Cir. 1984).

On remand the Commission entered identical orders in Sub. 29 and Sub. 35. It found:

> The United States Supreme Court has decided that, for purposes of calculating the rates to be charged Nantahala's North Carolina retail customers, this Commission cannot choose a method of allocation of entitlements and purchased power between Tapoco and Nantahala that differs from the allocation of entitlements and purchased power adopted by Federal Energy Regulatory Commission (FERC). Thus, the United States Supreme Court has determined that this Commission's jurisdictional authority is preempted by federal law.

The Commission concluded the purpose of the roll-in had been to remove inequities to Nantahala in the NFA and apportionment agreements which purpose the United States Supreme Court had found to be improper. The Commission also found it was "not free to allow the intervenors to fashion a new roll-in with a different basis, different mechanics and different results as though the eleven years of history of these cases had not transpired." The Commission calculated the rates which Nantahala was entitled to charge on a stand alone basis in Sub. 29 and Sub. 35 and ordered them into effect. In Sub. 44 the Commission affirmed its prior order except that it retained the cause pending an investigation by FERC to determine the reasonableness of the new exchange agreement to Nantahala.

The intervenors appealed.

*Lacy Thornburg, Attorney General, by Richard L. Griffin, Assistant Attorney General, Attorney for Using and Consuming Public, appellant.*

*Robert Gruber, Executive Director, by James D. Little, Staff Attorney, The Public Staff, Attorneys for Using and Consuming Public, appellant.*

*Crisp, Davis, Schwentker, Page & Currin, by William T. Crisp and Robert F. Page, for the Counties of Cherokee, Graham, Jackson, Macon and Swain; The Towns of Andrews, Bryson City, Dillsboro, Robbinsville and Sylva; The Tribal Council of the Eastern Band of the Cherokee Indians; and Henry J. Truett, et al., appellants.*

*Hunton & Williams, by Edward S. Finley, Jr., for Nantahala Power and Light Company, appellee.*

*LeBoeuf, Lamb, Leiby & MacRae, by Ronald D. Jones and David R. Poe, for Aluminum Company of America and Tapoco, Inc., appellees.*

*Steve C. Griffith, Jr., Senior Vice President and General Counsel, and Ellen T. Ruff, Deputy General Counsel, for Duke Power Company, Amicus Curiae.*

WEBB, Justice.

[1]  The appellants-intervenors contend that it was error for the North Carolina Utilities Commission to deny new hearings after the three dockets had been remanded following the decision of the United States Supreme Court. They base this argument on what they say is a misunderstanding by the Commission of the opinion of the United States Supreme Court and the opinions and remand orders of this Court.

The appellants say that a roll-in method for setting rates under which Nantahala and Tapoco are treated as one company has not been prohibited by the United States Supreme Court. They argue that the Utilities Commission should have held a hearing at which evidence could have been received and the Commission could determine whether a roll-in method which does not interfere with the FERC approved entitlements is appropriate in this case. The appellants contend it was error for the Commission

not to consider a roll-in method for setting rates in light of this Court's previous opinions directing it to do so, which the appellants contend have only been abrogated by the opinion of the United States Supreme Court to the extent that any such roll-in will not reallocate low-cost hydro power previously allocated by FERC. The appellants argue further that following the original remands the Commission found that Nantahala and Tapoco constituted one company for rate making purposes and it was error for the Commission to find otherwise after the last remand because this was not required by the opinion of the United States Supreme Court. The appellants argue that even though the Commission may not modify the allocation of low-cost hydro power made by FERC the Commission is not powerless to find that concealed benefits to Alcoa, and concomitant detriments to Nantahala do exist. Such findings would then allow the Commission to affirm its earlier conclusions on Alcoa's total domination of Nantahala so as to apply the roll-in to other areas of cost of service not foreclosed by the opinion of the United States Supreme Court.

The difficulty with the appellants' argument is that the United States Supreme Court has held that the roll-in method which was adopted by the Utilities Commission is preempted by the action of FERC. That roll-in could not have been used by the Commission. Previous opinions by this Court and the Court of Appeals have made it clear that the purpose of the roll-in would be to eliminate any inequities which Nantahala suffered from the NFA and the apportionment agreement. This has now been prohibited by the United States Supreme Court. The Utilities Commission was not required to let the intervenors start again with a new type roll-in.

It was not error for the Commission to use evidence received at previous evidentiary hearings and set rates based on a theory advanced at those hearings rather than starting anew with the parties advancing new theories. The Utilities Commission used a method for setting rates in this case which complies with the statute. We cannot disturb these rates because we might have used a different method. *State ex rel. Utilities Comm. v. Carolina Power and Light Co.*, 320 N.C. 1, 358 S.E. 2d 35 (1987); *Utilities Comm. v. Edmisten*, 291 N.C. 327, 230 S.E. 2d 651 (1976); *Utilities Comm. v. Telephone Co.*, 281 N.C. 318, 189 S.E. 2d 705 (1972).

[2] The appellants contend that this is a general rate case and N.C.G.S. § 62-81(a) provides there must be a trial or hearing in a general rate case. They also say that the refusal by the Utilities Commission to hold an evidentiary hearing deprived them of due process of law under the Fourteenth Amendment to the Constitution of the United States and violated the law of the land clause of the Constitution of North Carolina, Article I, Section 19. The answer to these contentions is that several evidentiary hearings have been held in these dockets. All parties have been allowed to offer evidence and contend for what they consider to be the proper methods for setting rates. The Utilities Commission has set rates based on this evidence.

[3] We take note of a recital in the Commission's Sub. 44 Order to the effect that FERC has found that Nantahala and Tapoco do not constitute a unified system and this finding is binding on the Commission. This finding shows a misapprehension of the law. The Commission was not bound by the FERC order to hold Nantahala and Tapoco do not constitute a unified system. Indeed the United States Supreme Court said at *Nantahala Power and Light v. Thornburg*, 476 U.S. 953, 972, 90 L.Ed. 2d 943, 957 (1986) that

> [t]he validity of [the Commission's] decision to "roll in" the costs of Tapoco and Nantahala is not directly before us. We nonetheless agree . . . that it is at least conceivable that [the Commission] could validly choose to treat Nantahala and Tapoco as a single system for some purposes — for example, with regard to the costs of constructing their facilities.

The Commission's misapprehension of the law, however, does not constitute prejudicial error for two reasons. *See* N.C.G.S. § 62-94(c) (1982 Repl. Vol.). First, the Commission properly concluded that even if they were to find that Nantahala and Tapoco constitute a single unified system this would not affect their conclusion to reject appellants' original roll-in method. Second, and more importantly, the Commission accorded appellants sufficient opportunity to present an alternative roll-in method consistent with the opinion of the United States Supreme Court, yet they failed to do so. In a 25 February 1987 Order Requiring Proposed Orders the Commission said that proposed orders requesting further hearings should set forth the justification for the hearings

and the proposed method for setting rates. The appellants' response to this request stated in relevant part:

> We shall, relying upon the present records, merely make adjustments that respond appropriately to the defects noted in the decision of the United States Supreme Court (*"Thornburg"*) and perhaps support different rates of return.

Given such a vague response to the Commission's request, it is neither surprising nor improper that the Commission's Sub. 44 Order concluded: "further hearings to consider other ratemaking concepts, which are not a part of the record in this docket, are neither timely nor appropriate and are not in the public interest." *See Utilities Commission v. Area Development, Inc.*, 257 N.C. 560, 569, 126 S.E. 2d 325, 332 (1962). (The Commission "may enlarge or restrict the inquiry before it unless a party is clearly prejudiced thereby.")

[4]  The intervenors also contend that in each of the three dockets the Commission did not properly calculate the rates. In Sub. 29 and Sub. 44 the Commission reinstated the rates it had allowed prior to reversal by the Court of Appeals and by this Court but required in Sub. 29 that the rates be reduced by the amount Nantahala received from Tapoco as a result of the FERC order in regard to the apportionment agreement. It retained jurisdiction to lower the rate in Sub. 44 pending a final decision by FERC in regard to Nantahala's agreement with TVA. The intervenors contend it was error to reinstate these rates without further hearings after they had been reversed by the Court of Appeals and this Court. As we have said, the original orders were reversed because of the Commission's failure to give adequate consideration to a method which has now been found to be unlawful by the United States Supreme Court. We cannot hold it was error for the Utilities Commission to reinstate rates which we did not otherwise find to be in error.

[5]  The intervenors' argument as to the Sub. 35 docket is more substantial. In its original filing Nantahala asked for an increase in revenue which would give it a return on rate base of 11.53%. There was evidence and the Commission found in the hearing from which the roll-in method was adopted that Nantahala was entitled to a rate of return of 12.54%. The Commission allowed this rate of return in its final order. This would have had the ef-

fect of giving Nantahala more than it requested in its filing if Nantahala had not been required to reduce its rates by the amount received from Tapoco based on the FERC order. The intervenors argue that Nantahala cannot be granted a rate increase of more than it asked and more than notice was given that it would seek. The fallacy in this argument is that the rate was not more than Nantahala requested. The Utilities Commission ordered a refund based on the compensation Nantahala received from Tapoco. Based on this refund the rate payers did not have to pay as much as they would have paid had the increase in rates been allowed in its entirety. We might not have allowed the rate of return which was allowed by the Utilities Commission but we cannot hold the Commission exceeded its statutory authority by doing so.

[6] The appellants contend it was error for the Commission to show the amount paid by Tapoco to Nantahala as a result of the FERC order as a reduction in the amount of the increase required to produce a 12.54% return. They say that these payments from Tapoco represent a decrease in Nantahala's purchased power expense which means Nantahala's operating revenues, purchased power and gross receipt taxes should be reduced and as reduced should be the starting point for showing the effect of Nantahala's requested rate increase. If the payments from Tapoco to Nantahala had been treated as contended for by the intervenors it would have had the effect of changing other items in the rate structure such as the operating income for return which would have resulted in lower rates. We cannot hold the Commission was in error for not treating this item as a reduction of the purchased power expense. The cost of purchased power remained the same after the FERC order. Tapoco made its payments to Nantahala without affecting the purchase power agreement between Nantahala and TVA. The Commission was not required to treat this item as contended for by the appellants.

[7] Finally, the appellants contend there was not sufficient evidence for the Commission to determine Nantahala's revenue requirement. They base this argument on what they say was testimony at the hearing which was designed to support a roll-in rate. They say that this testimony will not support a rate for Nantahala on a stand alone basis. As we read this testimony the witnesses testified to Nantahala's test year cost of service both as

a stand alone utility and on the basis of a roll-in. This is evidence to support the Commission's findings.

The Utilities Commission has used a method for setting rates which is within the parameters of the statute. We cannot disturb its order. *State ex rel. Utilities Comm. v. Carolina Power and Light Co.*, 320 N.C. 1, 358 S.E. 2d 35.

Affirmed.